UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLY S. MAHAR,

        Plaintiff,                                 Case No. 2:21-cv-11694-DML-JJCG
                                                District Judge David M. Lawson
v.                                                     Magistrate Judge Jonathan J.C. Grey

COMMISSIONER OF THE
INTERNAL REVENUE
SERVICE, INTERNAL REVENUE
SERVICE, and SOCIAL
SECURITY ADMINISTRATION,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO TIMELY SERVE DEFENDANTS**

    **I.**    **Background**

On July 21, 2021, Wally S. Mahar brought this *pro se* complaint against the Commissioner of the Internal Revenue Service, the Internal Revenue Service, and the Social Security Administration for alleged overzealous collection, unjust enrichment, fraud, recoupment, and intentional infliction of emotional distress. (ECF No. 1.) On July 27, 2021, District Judge David M. Lawson granted Mahar's application to proceed *in forma pauperis*. (ECF No. 5.) The same day, Judge Lawson ordered Mahar to complete service of process on or before August 11,

2021, including to present the Clerk of Court with completed service documents. (ECF No. 6.) Judge Lawson ordered the Clerk of Court to process the case for service upon receipt of service documents by the U.S. Marshals Service and for the Marshal to serve copies of the complaint, summons, and its order upon defendants. *Id.*

On August 9, 2021, Mahar filed an *ex parte* motion for extension of time to perfect service. (ECF No. 10.) Then Mahar filed another *ex parte* motion for extension of time to perfect service and requested appointment of counsel. (ECF No. 12.) On September 28, 2021, Judge Lawson referred this case to the undersigned for general case management as to all pretrial proceedings. (ECF No. 11.)

On November 8, 2021 ("November 8, 2021 order"), the Court granted Mahar's request for an extension of time to perfect service, giving him until December 6, 2021 to do so. (ECF No. 13.) However, the Court noted that Mahar failed to detail specific efforts he has made to effect service. *Id*. The Court also warned Mahar that failure to timely or adequately serve defendants would result in a recommendation that this action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). *Id.*

Mahar then filed a motion for rehearing or reconsideration of the Court's November 8, 2021 order. (ECF No. 14.) On November 23, 2021 ("November 23,

2021 order"), the Court issued an order construing Mahar's motion as one requesting an extension of time to file a motion for reconsideration. (ECF No. 15.) In denying Mahar's motion to extend the time to move for reconsideration, the Court noted that Mahar failed to show that good cause existed to grant the motion. *Id.* The Court also found that Mahar failed to show that he had taken any steps to perfect service and that he had sufficient time to comply with the Court's November 8, 2021 order. *Id.* The Court also reiterated that Mahar had until December 6, 2021 to perfect service on defendants, and again noted that failure to timely or adequately serve defendants would result in a recommendation that the action be dismissed without prejudice. *Id.*

On the day of the Court's November 23, 2021 order, Mahar filed a first amendment/addendum to his motion for rehearing or reconsideration. (ECF No. 16.) On December 7, 2021 ("December 7, 2021 order"), the Court issued an order construing his motion as Mahar's initial motion for reconsideration. (ECF No. 19.) The Court found that Mahar filed an untimely motion for reconsideration that failed to show a palpable defect in the Court's November 8, 2021 order. *Id.* The Court also found that Mahar simply rehashed rejected arguments. *Id.* Thus, the Court denied in part the motion for reconsideration on these grounds. *Id.*

However, given the ongoing pandemic and Mahar's prior statement that he lost a week when he could not address the Court's November 8, 2021 order, the

3

Court, out of an abundance of caution, granted the motion for reconsideration in part by giving Mahar until January 4, 2022 to perfect service on defendants. *Id.* The Court noted that failure to perfect service on defendants by this deadline would result in a recommendation that this action be dismissed without prejudice.[1]

Mahar objected to the Court's November 23, 2021 order (ECF No. 18), which Judge Lawson dismissed as moot since Mahar received the procedural relief sought.[2] (ECF Nos. 21.) Since then, Mahar objected to the Court's December 7, 2021 order and December 13, 2021 amended order, including objecting to Judge Lawson's order dismissing and overruling his objections. (ECF Nos. 22-25.) Judge Lawson overruled Mahar's objections to the undersigned's orders because Mahar merely rehashed arguments already considered and failed to show clear error in the undersigned's dispositions. (ECF No. 26.) Judge Lawson also found that the objection to his order should be stricken because the Magistrate Judge's Act does not authorize filing objections to any order issued by a district judge. *Id*.

On January 18, 2022, Mahar filed a request for the Court to update him on the status of his objections. (ECF No. 27.) Nothing in Mahar's filing detailed his attempts at service and a review of the record illustrates that Mahar has failed to

---

[1] On December 13, 2021 ("December 13, 2021 amended order"), the Court issued an amended order of its December 7, 2021 order to correct a date. (ECF No. 20.)

[2] In other words, Mahar received an extension of time until January 4, 2022 to perfect service on defendants. (ECF No. 20.)

perfect service of his complaint upon any defendant. The January 4, 2022 deadline to perfect service on defendants has passed and Mahar has failed to perfect service.

For the following reasons, the undersigned **RECOMMENDS** that the action be **DISMISSED** without prejudice under Rule 4(m) for failure to timely effect service of process.

### III.  Analysis

Under Rule 4(m), if defendants are not served within 90 days after the complaint is filed, a court may *sua sponte* dismiss without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for failure to effect service of process, a court is required to extend the time for the plaintiff to serve defendants. *Id.*; *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). The plaintiff has the burden to establish good cause for failure to timely effect service. *Habib*, 15 F.3d at 73.

As of the date of this report and recommendation, 182 days have passed since Mahar filed his complaint and he has yet to perfect service on defendants. On two occasions, the Court extended the time for Mahar to serve defendants. First, the Court's November 8, 2021 order gave Mahar an additional 47 days from the 90-day deadline to perfect service on defendants. (ECF No. 13.) Second, the

Court's December 13, 2021 amended order gave Mahar an additional 28 days from the first extension to perfect service on defendants. (ECF Nos. 20.)

In four orders, the Court warned Mahar that failure to timely and adequately perfect service on defendants would result in a recommendation of dismissal. (ECF Nos. 13, 15, 19-20.) Mahar has attempted to delay perfecting service on defendants by filing multiple motions and addendums to motions. (ECF Nos. 10, 12, 14, 16-17.) Even so, the Court gave Mahar two extensions to perfect service on defendants. In addition, Mahar has not shown that he has made any efforts to serve defendants. Lastly, Mahar failed to perfect service by January 4, 2022, the second extension of time to perfect service given in the Court's December 13, 2021 amended order. Thus, Mahar has failed to meet his burden to establish good cause for failure to timely effect service on defendants. *Habib*, 15 F.3d at 73.

Accordingly, the undersigned recommends that this action be dismissed without prejudice under Rule 4(m) for failure to timely effect service of process.

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMEND**S that Judge Lawson **DISMISS** this action without prejudice under Rule 4(m).

Dated: January 20, 2022　　　　　　　s/**Jonathan J.C. Grey**
　　　　　　　　　　　　　　　　　　Jonathan J.C. Grey
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager
