UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLY S. MAHAR,

        Plaintiff,                                Case Number 21-11694

v.                                                 Honorable David M. Lawson
                                                          Magistrate Judge Curtis Ivy, Jr.
COMMISSIONER OF INTERNAL REVENUE
SERVICE, INTERNAL REVENUE SERVICE,
and SOCIAL SECURITY ADMINISTRATION,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING THE CASE WITHOUT PREJUDICE

This matter is before the Court on a report issued on January 20, 2022 recommending that the Court dismiss the case without prejudice because the plaintiff has failed to make any discernible effort to complete service of process on the defendants. Then-Magistrate Judge Jonathan J.C. Grey aptly summarized the relevant procedural history:

> As of the date of this report and recommendation, 182 days have passed since Mahar filed his complaint and he has yet to perfect service on defendants. On two occasions, the Court extended the time for Mahar to serve defendants. First, the Court's November 8, 2021 order gave Mahar an additional 47 days from the 90-day deadline to perfect service on defendants. (ECF No. 13.) Second, the Court's December 13, 2021 amended order gave Mahar an additional 28 days from the first extension to perfect service on defendants. (ECF Nos. 20.)
>
> In four orders, the Court warned Mahar that failure to timely and adequately perfect service on defendants would result in a recommendation of dismissal. (ECF Nos. 13, 15, 19-20.) Mahar has attempted to delay perfecting service on defendants by filing multiple motions and addendums to motions. (ECF Nos. 10, 12, 14, 16-17.) Even so, the Court gave Mahar two extensions to perfect service on defendants. In addition, Mahar has not shown that he has made any efforts to serve defendants.
>
> Lastly, Mahar failed to perfect service by January 4, 2022, the second extension of time to perfect service given in the Court's December 13, 2021 amended order.

Report & Recommendation, ECF No. 28, PageID.170-71. The Court has reviewed the record of the proceedings and notes that, to date, no certificate of service ever has been filed, nor have any other papers been presenting suggesting that the plaintiff has made any attempt to complete service of the summons and complaint, despite the lapse of more than 20 months since this action was commenced.

Mahar has submitted additional papers after the report and recommendation was issued, some of which were denoted as "objections" or "exhibits to objections." However, none of those filings sets forth any discernible factual or legal grounds to explain either why service of process has been delayed or why the Court should not accept the magistrate judge's recommendations. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). The plaintiff has failed to present any properly grounded objections to the report and recommendation, and the time for doing so has long passed.

Moreover, the Court agrees with the conclusions of the magistrate judge and finds after reviewing the record and the plaintiff's prior filings that there was no error in the magistrate judge's recommendation for dismissal, because to date the plaintiff never has explained why no effort has been made to complete service of process. Under Federal Rule of Civil Procedure 4(m), if

defendants are not served within 90 days after the complaint is filed, a court may *sua sponte* dismiss the complaint without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for failure to effect service of process, a court is required to extend the time for the plaintiff to serve defendants. *Id.*; *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). The plaintiff has the burden to establish good cause for failure to timely effect service. *Habib*, 15 F.3d at 73. The plaintiff was granted serial extensions of the time to complete service and was afforded more than double the usual 90 days to complete service. Within that time, and thereafter, there has been no indication that the plaintiff ever attempted to serve the summons and complaint on any of the defendants. The plaintiff has offered no explanation for his inability or refusal to complete the required task, and no grounds have been presented to establish good cause for any further extension of the deadline for doing so.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 28) is **ADOPTED**, the plaintiffs objections (ECF No. 30, 32, 33) are **OVERRULED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: May 10, 2023